IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NIKIFOROS KALFOUNTZOS,

    Plaintiff,   No. CIV S-10-2733 GEB KJM PS

    vs.

SACRAMENTO SUPERIOR COURT, et al.,   <u>ORDER AND</u>

    Defendants.   <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

/////

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In this action, plaintiff seeks a writ of mandate vacating an order of the Superior Court of California, County of Sacramento.  Plaintiff sought appellate review in the state court system and by order filed July 28, 2010, the Supreme Court of California denied the petition for review.  See Docket no. 1 at 76.  A federal district court does not have jurisdiction to review errors in state court decisions in civil cases.  Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923).  "The district court lacks subject matter jurisdiction either to conduct a direct review of a state court judgment or to scrutinize the state court's application of various rules and procedures pertaining to the state case."  Samuel v. Michaud, 980 F. Supp. 1381, 1411-12 (D. Idaho 1996), aff'd, 129 F.3d 127

1  (9th Cir. 1997); see also Branson v. Nott, 62 F.3d 287, 291-92 (9th Cir. 1995) (finding no subject
2  matter jurisdiction over section 1983 claim seeking, inter alia, implicit reversal of state trial court
3  action). That the federal district court action alleges the state court's action was unconstitutional
4  does not change the rule. Feldman, 460 U.S. at 486. In sum, "a state court's application of its
5  rules and procedures is unreviewable by a federal district court. The federal district court only
6  has jurisdiction to hear general challenges to state rules or claims that are based on the
7  investigation of a new case arising upon new facts." Samuel, 980 F. Supp. at 1412-13.
8         Stripped to its essence, this action is one for federal court review of state court
9  proceedings. Accordingly, the court will recommend this action be dismissed for lack of subject
10 matter jurisdiction based on the Rooker-Feldman doctrine.
11        In accordance with the above, IT IS HEREBY ORDERED that plaintiff's request
12 to proceed in forma pauperis is granted; and
13        IT IS HEREBY RECOMMENDED that this action be dismissed.
14        These findings and recommendations are submitted to the United States District
15 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen
16 days after being served with these findings and recommendations, plaintiff may file written
17 objections with the court. The document should be captioned "Objections to Magistrate Judge's
18 Findings and Recommendations." Plaintiff is advised that failure to file objections within the
19 specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951
20 F.2d 1153 (9th Cir. 1991).
21 DATED: October 15, 2010.

_____
U.S. MAGISTRATE JUDGE

006
kalfountzos.ifp.r-f